

ORDERED in the Southern District of Florida on November 12, 2014.

Laurel M. Isicoff, Judge
United States Bankruptcy Court

_____

Tagged Opinion

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

IN RE:                                              CASE NO. 11-16703-BKC-LMI

STRATTON C. POLLITZER,                              Chapter 7

     Debtor.
_____/

### ORDER GRANTING MOTION OF THE UNITED STATES TRUSTEE
### TO DISMISS PURSUANT TO 11 U.S.C. §707(b)(1)

This matter came before me on July 3, 2014 on the Motion to Dismiss Pursuant to 11 U.S.C. §707(b)(1) Based on Abuse Arising Under 11 U.S.C. §707(b)(3) (ECF #131) (the "Motion to Dismiss").  The issue before me, which according to the Debtor and the U.S. Trustee is a matter of first impression in the Southern District of Florida, is whether a case converted from another chapter to chapter 7 case can be dismissed for abuse.  After considering the

1

arguments of counsel and the substantial memoranda of law filed,[1] as well as a review of the case law, I answer this question "yes"—11 U.S.C. §707(b)(1) applies to a case converted to chapter 7.

## FACTS

The Debtor, Stratton C. Pollitzer, filed a chapter 13 petition on March 14, 2011 (ECF #1) (the "Petition Date"). On the Petition Date, the Debtor checked the box indicating the nature of the debts were primarily consumer debts, defined in 11 U.S.C. §108 as "incurred by an individual primarily for a personal, family, or household purpose." The Debtor filed an Amended Chapter 13 Plan (ECF #36), and on July 27, 2011, the Court entered the Order Confirming the Plan (ECF #46).

On November 12, 2013, the Debtor filed a Notice of Conversion from Chapter 13 to Chapter 7 (ECF #104). On the Statement of Current Monthly Income and Means-Test Calculation (ECF #109),[2] the Debtor checked the box indicating that the presumption of abuse arises under 11 U.S.C. §707(b), as directed by line 52 of Part VI of Official Form 22A.

The U.S. Trustee filed the Motion to Dismiss asserting that the Debtor has disposable income of at least $1,500 per month, and can, over a 60 month period, "easily" pay unsecured creditors more than $80,000. Consequently, the U.S. Trustee argues I should dismiss the Debtor's case pursuant to 11 U.S.C. §707(b)(1) because the Debtor's case is an abuse under the totality of the circumstances under §707(b)(3)(A) and therefore, the Debtor is not entitled to

---

[1] United States Trustee's Motion to Dismiss Pursuant to 11 U.S.C. Section 707(b)(1) Based on Abuse Arising Under 11 U.S.C. Section 707(b)(3) (ECF #131); Debtor's Response to Trustee's Motion to Dismiss (ECF #145); United States Trustee's Memorandum of Law in Support of Motion to Dismiss Pursuant to 11 U.S.C. Section 707(b)(1) Based on Abuse Arising Under 11 U.S.C. Section 707(b)(3) (ECF #146); United States Trustee's Supplemental Memorandum of Law in Support of Motion to Dismiss (ECF #147).

[2] Under the Local Rules for the Bankruptcy Court for the Southern District of Florida, Rule 1019-1(H) requires that upon conversion a debtor must file a new Form 22. The Comments to the Local Rule advise that this requirement is not intended to resolve the debate which is the subject of my ruling.

2

relief under chapter 7. The Debtor counters the U.S. Trustee's position, arguing that section 707(b)(1) does not apply to cases converted to chapter 7.

This debate arises from the following italicized language in section 707(b)(1):

> (1) After notice and a hearing, the court, on its own motion or on a motion by the United States trustee, trustee (or bankruptcy administrator, if any), or any party in interest**, *may dismiss a case filed by an individual debtor under this chapter*** whose debts are primarily consumer debts, or, with the debtor's consent, convert such a case to a case under chapter 11 or 13 of this title, if it finds that the granting of relief would be an abuse of the provisions of this chapter.

There is a split of authority regarding whether section 707(b) applies to cases that are converted to a chapter 7 case. Courts disagree about what the "dominant" phrase is: "a case filed . . . under this chapter" by an individual debtor, or, "a case . . . under this chapter" filed by an individual debtor. *Compare In re Davis*, 489 B.R. 478 (Bankr. S.D. Ga. 2013)(section 707(b) applies in a converted case) with *In re Layton*, 480 B.R. 392 (Bankr. M.D. Fla. 2012)(section 707(b) does not apply in a converted case).

Having reviewed the case law in detail, I find that the reasoning of the bankruptcy court in *In re Davis*, 489 B.R. 478, reflects precisely my analysis of, and position with respect to, all of the issues raised by the U.S. Trustee and by the Debtor, and therefore, I adopt the reasoning and holding of Judge Barrett.[3] Like Judge Barrett, I have reviewed carefully, but nonetheless reject, the reasoning of the bankruptcy court in *In re Layton*, 480 B.R. 392, for the same reasons as Judge Barrett outlines in the *Davis* opinion.

---

[3] There is no reason to repeat Judge Barrett's holdings here. Especially in this age of electronic research, anyone who wishes more details regarding each of the arguments may review Judge Barrett's opinion and consider it as if it were my own.

## **CONCLUSION**

Section 707 "sets forth the circumstances under which a court may dismiss a Chapter 7 case or, with the debtor's consent, convert it into a Chapter 11 or a Chapter 13 case." *In re Witcher,* 702 F.3d 619, 621 (11th Cir. 2012). Consistent with the goals of the Bankruptcy Code, "§707(b) focuses on the purpose of Chapter 7 relief under the. . . Code, primarily the issue of whether the petitioner is the honest and needy consumer debtor the Code was intended to protect." *In re Kulakowski*, 735 F.3d 1296, 1299 (11th Cir. 2013) (citing *In re Mottilla*, 306 B.R. 782, 788 (Bankr. M.D. Pa. 2004)). That purpose does not change just because the debtor started out in a different chapter; a debtor should not be able to do indirectly what he or she cannot do directly.

The language of the statute is unambiguous and its purpose is clear. The Trustee's Motion is granted.

# # #

Copies furnished to:
Ariel Rodriguez, Esq.
Michael Frank, Esq.

*The Clerk of Court is directed to serve a copy of this Order upon all parties in interest.*